IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

United States of America

   Plaintiff,

v.                  No. 05-2001-B

One 2002 Chevrolet Avalanche,
VIN 3GNEK13T62G187620, with
All Appurtenances and Attachments
Thereon,

Four Thousand Six Hundred
Dollars ($4,600.00) in United States
Currency,

   Defendants.
_____

ORDER DENYING THE PLAINTIFF'S MOTION TO DISMISS OR IN THE ALTERNATIVE
FOR SUMMARY JUDGMENT
_____

  On January 3, 2005, the Plaintiff, United States of America, filed a Verified Complaint of Forfeiture against the Defendants, one 2002 Chevrolet Avalanche with all appurtenances and attachments thereon and four thousand six hundred dollars in United States currency, claiming the property listed in the Complaint was subject to forfeiture based upon alleged violations of the Controlled Substances Act. See 28 U.S.C. § 801 et seq. On August 16, 2005, Vacha Lundrell Vaughn and Dana Lasha Daughtery submitted claims contesting the government's forfeiture action. Before the Court is the motion of the Plaintiff to dismiss the claims of Vaughn and Daughtery or in the alternative for summary judgment. For the reasons set forth below, the motion of the government is DENIED.

  In its motion, the Plaintiff's sole argument is that because the claimants failed to file an

answer to the Verified Complaint of Forfeiture in a timely fashion, the government is entitled to summary disposition pursuant to either Federal Rule of Civil Procedure 12(b)(6) or 56. See Fed. R. Civ. P. 12(b)(6) (motion to dismiss for failure to state a claim); Fed. R. Civ. P. 56 (summary judgment). In their response, the claimants argue that after the case was transferred to the United States Attorney's Office for the Western District of Tennessee, they made numerous inquiries, to which the government did not respond, as to the status of their claims. The claimants offer no further argument as to why the government's motion, based upon their untimely answer, should not be granted.

I.   MOTION TO DISMISS

Rule 12(b)(6) permits dismissal of a lawsuit for failure to state a claim upon which relief could be granted. See Fed. R. Civ. P. 12(b)(6). The Rule requires the Court to "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998). "The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." Conley v. Gibson, 355 U.S. 41, 47 (1957). However, "[t]o avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all the material elements of the claim." Wittstock v. Mark A. Van Sile, Inc., 330 F.3d 899, 902 (6th Cir. 2003).

The United States contends it is entitled to dismissal under Rule 12(b)(6) because the claimants lack Article III standing based upon their failure to comply with the strictures set forth in Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims. See Fed. R. Civ.

P., Supplemental R. for Certain Admiralty and Maritime Claims C(6); United States v. $267,961.07, 916 F.2d 1104, 1107 (6th Cir. 1990) ("The Supplemental Admiralty and Maritime Claims rules govern judicial forfeiture proceedings."). Specifically, the government argues that the claimants have failed to comply with Rule C(6)(a)(iii) by not filing an answer to the Verified Complaint within twenty days of asserting their claims. See Fed. R. Civ. P., Supplemental R. for Certain Admiralty and Maritime Claims C(6)(a)(iii) (providing that "a person who files a statement of interest in or right against the property must serve and file an answer within 20 days after filing the statement").

"A claimant must possess Article III and statutory standing pursuant to Rule C(6) in order to contest the government's forfeiture action." $267,961.07, 916 F.2d at 1107 (citing United States v. 526 Licum Dr., Dayton, Montgomery County, 866 F.2d 213, 216-17 (6th Cir. 1988); United States v. One Gray Samsonite Suitcase, Model 200, 637 F. Supp. 1162, 1165 (E.D. Mich. 1986)). "Notwithstanding the existence of Article III standing, a claimant's failure to strictly adhere to Supplemental Rule C(6) precludes the requisite statutory standing to contest a government forfeiture action." $267,961.07, 916 F.2d at 1108. However, "[t]he purpose of this requirment is to prevent the danger of false claims in forfeiture proceedings by informing the court on oath or affirmation that the claimant is entitled to contest the forfeiture action by virtue of his interest in the defendant property." Id.

In this case, the claimants filed the requisite statements of interest in the property to assert Article III standing and satisfy the statutory requirement.[1] See U.S. Const. art. III; Fed. R. Civ. P.,

---

[1]The government misapprehends the Article III and statutory standing requirements as delineated by the Sixth Circuit in United States v. $297,961.07. The Plaintiff asserts the claimants lack Article III standing pursuant to statute based upon their failure to file an answer to the Verified Complaint. However, it is the C(6)(a)(i) verified statement of interest that satisfies the standing requirement. Fed. R. Civ. P., Supplement R. of Certain Admiralty and Maritime

Supplemental R. for Certain Admiralty and Maritime Claims C(6)(a)(i). Therefore, the government's motion based upon lack of Article III standing is DENIED.

II.     MOTION FOR SUMMARY JUDGMENT

The United States next contends that it is entitled to summary judgment because no genuine issue of material fact exists. The government submits that the claims of Vaughn and Daughtery fail to establish a disputed issue of material fact and that their Answer did not comply with Rule C(6) of the Supplement Rules for Certain Admiralty and Maritime Claims. The claimants respond that they did not file an answer to the Verified Complaint in a timely fashion because they were awaiting a response from the government before proceeding further.

Initially, the Court notes that the United States has not complied with the Local Rules of this district in presenting its motion for summary judgment. Local Rule 7.2(d)(2) provides that

> [o]n every motion for summary judgment, in addition to citations to appropriate legal authorities, the proponent of the motion shall designate in the accompanying memorandum by serial numbering each material fact upon which the proponent relies in support of the motion and shall affix to the memorandum copies of the precise portions of the record relied upon as evidence of each material fact. If the proponent contends that the opponent of the motion cannot produce evidence to create a genuine issue of material fact, the proponent shall affix to the memorandum copies of the precise portions of the record relied upon as evidence of this assertion.

LR 7.2(d)(2), Local Rules of the U.S. Dist. Ct. for the W. Dist. of Tenn. The government has not followed the dictates of Local Rule 7.2(d)(2) by failing to file a statement of undisputed material facts.[2] Further, while the Plaintiff's motion contends that "the claimants have not denied any of the

---

Claims C(6)(a)(i); see also $297,961.07, 916 F.2d at 1108.

   [2]The government's motion contains the following provision entitled "Statement of Facts":

4

allegations set out in the verified complaint," the government has failed to argue, by citation to authority or to the record, what set of operative facts entitles it to judgment as a matter of law pursuant to the forfeiture provisions of the Controlled Substances Act.

In any event, the Court accepts the claimants' late-filed Answer, see Fed. R. Civ. P. 6(b)(1); Allen v. Murph, 194 F.3d 722, 724 (6th Cir.1999) (holding the question of whether to allow a late-filed answer is within the sound discretion of a district court). In their Answer, Vaughn and Daughtery deny the relevant facts set forth in the Plaintiff's Verified Complaint of Forfeiture, thereby creating genuine issues of material fact. Based upon the foregoing, the government's motion for summary judgment is DENIED.

IT IS SO ORDERED this 11th day of September, 2006.

                                 s/ J. DANIEL BREEN
                                 UNITED STATES DISTRICT JUDGE

---

1. A Verified Complaint of Forfeiture was filed in the above-styled case on January 3, 2005. (R.1: Verified Complaint of Forfeiture).
2. Claimants Vasha Lundrell Vaughn ("Vaughn") and Dana Lasha Daughtery ("Daughtery") were served with copies of the complaint on August 11 and August 15, 2005 respectively. (R.9: Summons Returned Executed [Vaughn]; R.12: Summons Returned Executed [Daughtery]).
3. On August 16, 2005, both Vaughn and Daughtery filed verified claims contesting the forfeiture, with Vaughn claiming the currency and Daughtery the vehicle. (R.4: Claim to Contest Forfeiture [Vaughn]; R.5: Claim to Contest Forfeiture [Daughtery]). However, neither claimant has ever filed an answer to the complaint. See, Generally, Proceedings Docket.

The Court finds that the Plaintiff's "Statement of Facts" is utterly devoid of any fact or set of facts giving rise to the government's claim.